IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECATURE D. TOUNSEL, Sr. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| ) | |
| v. ) | |
| ) | Judge |
| ) | |
| FIRST AMERICAN BANK ) | |
| ) | |
| Defendant. ) | |
| | JURY TRIAL DEMANDED |

**COMPLAINT**

DECATURE D. TOUNSEL, Sr., plaintiff herein, by ROBERT M. BIRNDORF of BIRNDORF & BIRNDORF, his attorney, complaining of FIRST AMERICAN BANK, an Illinois State Chartered Bank, defendant herein, states as follows:

1.  Plaintiff is a male citizen of the United States of America, and a resident of Cook County, Illinois.

2.  Plaintiff alleges on information and belief that defendant is an Illinois State Chartered Bank with corporate offices located in Elk Grove Village, Illinois. Defendant does business in Cook County, Illinois and within the jurisdiction of this court.

3.  This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e, et. seq. ("Title VII"), and 42 U.S.C. section 1981. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. sections 1331 and 1343, and 42 U.S.C. section 2000e-5(f) and 42 U.S.C. section 1988.

4. The unlawful employment practices alleged in this complaint were committed in Cook County in the Northern District of Illinois. Venue is properly placed in this district pursuant to 42 U.S.C. 2000e-5(f)(3).

5. The defendant is an "employer" within the meaning of 42 U.S.C. 2000e in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

6. Plaintiff timely filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") on or about January 16, 2003.

7. On or about April 2, 2003 plaintiff received from the EEOC a "Notice of Right to Sue" (Exhibit A) entitling him to commence this action within 90 days of his receipt of that notice. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

8. On May 14, 2001, plaintiff was hired by defendant as its Executive Vice President of Branch Administration. In such capacity, plaintiff reported directly to defendant's Chairman and CEO, Thomas E. Wells, IV ("Wells"). Immediately prior to the separation of his employment, plaintiff had supervisory authority over approximately 260 employees.

9. Plaintiff's race is black, and at all times during his employment by defendant, plaintiff was the highest ranking employee representing any racial minority.

10. Plaintiff at all times performed his job duties and responsibilities in an acceptable manner consistently with defendant's standards. In his last annual performance appraisal, defendant rated plaintiff's overall performance as "Outstanding", the highest rating attainable. Plaintiff also received the highest percentage performance bonus attainable from defendant.

11. At no time was plaintiff the subject of any disciplinary action by defendant, nor was plaintiff notified at any time during his employment of any alleged deficiencies in his job performance.

12. On November 6, 2002, Wells convened a meeting in his office with Jim Lynch ("Lynch"), defendant's Vice Chairman, and plaintiff. At the meeting, Wells told plaintiff that it was necessary to separate his employment from defendant due to "cultural differences" between plaintiff and defendant. Wells is a white male, as is Lynch. Defendant replaced plaintiff in his position with a white male who is less qualified for the position than plaintiff.

13. Defendant is a privately-held corporation which employs disproportionately few racial minorities in management positions, and had no diversity training or affirmative action policy in effect during the term of plaintiff's employment by defendant.

14. Plaintiff was treated differently from other, non-black employees. Contrary to defendant's personnel policies and practices as to its non-black employees, plaintiff was not provided with notice of any alleged issues related to his performance or with the opportunity to respond to any performance issues prior to his summary termination.

15. Immediately following the November 6, 2002 meeting described in paragraph 12, defendant, through its agent Wells, published and disseminated an e-mail to plaintiff's staff and other employees of defendant falsely stating that plaintiff had resigned from defendant's employ. The publication portrays plaintiff in a false light and adversely reflects on his character and credibility because it willfully misrepresents that plaintiff abandoned his position and staff when in fact he was discharged without cause.

16. As a direct and proximate result of the acts of defendant as above set forth, plaintiff has suffered severe mental anguish, embarrassment, loss of esteem in the eyes of defendant's employees, prospective employers and others, and other damages, mental, physical and emotional. These damages flow directly from, and are intimately connected to the

3

deprivations, violations and infringements of plaintiff's constitutional and statutory rights as guaranteed by the Thirteenth and Fourteenth Amendments to the Constitution of the United States and protected by Title VII and 42 U.S.C. Section 1981.

17. Plaintiff has been discriminated against because of his race, black, in violation of the aforesaid laws of the United States of America.

WHEREFORE, plaintiff prays that this court (i) order the defendant to make the plaintiff whole by reinstating him to his position with full back pay, bridged seniority, and payment and reimbursement for all loss of pension, retirement, insurance, social security, and all other monetary and non-monetary benefits; (ii) award damages to plaintiff to compensate him for the civil rights violations above set forth, including without limitation, front pay, compensatory damages, liquidated damages, punitive damages, prejudgment interest and post-judgment interest; (iii) order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees and expert witness fess; and (iv) order such other and further relief to the plaintiff as the court deems just and proper.

DECATURE D. TOUNSEL, Sr.

By: _____
His attorney

Robert M. Birndorf
BIRNDORF & BIRNDORF
200 West Madison Street
Suite 2040
Chicago, IL 60606
(312) 201-9300

4

## ~~~IAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE
(Issued on request)

| To: Decature D. Tounsel<br><br>4200 Suffield Court<br><br>Skokie, Illinois 60076<br><br>7001 1940 0003 8828 1637<br><br>[ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)) | From:<br><br>Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|
| **Charge Number**<br>210A301610 | **EEOC Representative**<br>Natahsa Sears, Investigator | **Telephone Number**<br>(312) 353-7323 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[ ] More than 180 days have expired since the filing of this charge.

[X] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

 [ ] Because EEOC is closing your case, your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

 [ ] EEOC is continuing its investigation. You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

3-31-03
(Date)

On Behalf of the Commission

John P. Rowe, District Director

Enclosures
 Information Sheet
 Copy of Charge

cc: Respondent(s)    First American Bank Corp.

**PLAINTIFF'S EXHIBIT A**

EEOC Form 161-B (Test 10/94)

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
DECATURE D. TOUNSEL, Sr.

**DEFENDANTS**
FIRST AMERICAN BANK

JUDGE JOAN H. LEFKOW

**(b)** County of Residence of First Listed Plaintiff __Cook__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE KEYS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert M. Birndorf - Birndorf & Birndorf
200 W. Madison St., Ste. 2040
Chicago, IL 60606
(312) 201-9300

Attorneys (If Known)

03C 2436

DOCKETED APR 1 0 2003

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981. This is a Civil Rights Action based on racial discrimination in defendant's termination of plaintiff's employment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Compensatory damages & other relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. This case**
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE: April 8, 2003

SIGNATURE OF ATTORNEY OF RECORD: Robert M. Birndorf

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

DECATURE D. TOUNSEL, Sr.
v.
FIRST AMERICAN BANK



Case Number: 

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Decature D. Tounsel, Sr., plaintiff

DOCKETED
APR 1 0 2003

| (A) | (B) |
|---|---|
| SIGNATURE *Robert M. Birndorf* | SIGNATURE |
| NAME Robert M. Birndorf | NAME |
| FIRM Birndorf & Birndorf | FIRM |
| STREET ADDRESS 200 W. Madison St., Ste. 2040 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60606 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 201-9300 / FAX NUMBER (312) 984-1047 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS rbirndorf@cs.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3123173 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |